# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1296
_____

United States of America

*Plaintiff - Appellee*

v.

Russel B. Gerlt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 22, 2013
Filed: January 30, 2014
[Unpublished]
_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

A jury convicted Russel B. Gerlt of two counts of knowingly making a false statement in connection with attempts to purchase firearms, in violation of 18 U.S.C.

§§ 922(a)(6) and 924(a)(2).  The district court[1] sentenced Gerlt to 33 months imprisonment.  Gerlt appeals Count 2 of his conviction, arguing there was insufficient evidence to find him guilty.  We affirm.

A grand jury indicted Gerlt of three counts of knowingly making a false statement in connection with attempts to purchase firearms on December 13, 2008, September 2, 2009, and January 29, 2011.  In 1995, a Missouri state court committed Gerlt to the Missouri Department of Mental Health "as a result of mental disease or defect."  The government alleged that, after his release from the Missouri Department of Mental Health, Gerlt attempted to purchase firearms on three separate occasions.  During each of these attempts, Gerlt falsely stated on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 (ATF Form 4473) that he had never been adjudicated mentally defective nor committed to a mental institution.  The jury found Gerlt guilty of Counts 2 and 3, which concerned Gerlt's attempts to purchase firearms on September 2, 2009, and January 29, 2011, respectively.

At trial, James Russ, a licensed firearms dealer and the owner of Arms Mart in Independence, Missouri, testified that Gerlt tried to purchase firearms from him on three occasions—in 2006, on December 13, 2008, and on September 2, 2009.  On December 13, 2008, Gerlt completed an ATF Form 4473.[2]  Russ then submitted information from the form to the National Instant Criminal Background Check

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]Gerlt checked the "no" box in response to Question Number 11.f on ATF Form 4473:

Have you ever been adjudicated mentally defective (which includes a determination by a court, board, commission, or other lawful authority that you are a danger to yourself or others or are incompetent to manage your own affairs) OR have you ever been committed to a mental institution?

(Government Ex. 3.)

System (NICS). The response came back with a delay, meaning Russ could not sell the firearm to Gerlt at that time. On December 18, 2008, authorities contacted Russ and informed him that Gerlt's application was denied. When Gerlt returned to Arms Mart, Russ informed Gerlt of the denial and provided him with the forms necessary to appeal the denial. Russ indicated that he was not aware of whether Gerlt proceeded with the appeals process. On September 2, 2009, Gerlt again tried to purchase firearms from Russ. Again, Gerlt indicated on an ATF Form 4473 that he had never been adjudicated mentally defective nor committed to a mental institution. When Russ submitted the information from that form to NICS, Gerlt's application was denied immediately. At trial, Russ testified that if any customer indicated on an ATF Form 4473 that the customer did not qualify to purchase a firearm, Russ would not sell a firearm to the customer.

Gerlt appeals his conviction on Count 2, relating to his September 2, 2009 attempt to purchase firearms. A jury convicted Gerlt of violating 18 U.S.C. § 922(a)(6), which provides that it is unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm . . . from a . . . licensed dealer . . . knowingly to make any false or fictitious . . . written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale . . . of such firearm . . . ." 18 U.S.C. § 922(a)(6).

Specifically, Gerlt claims that on September 2, 2009, when he made his false statement on the ATF Form 4473 concerning his prior adjudication for mental deficiency and previous commitment to a mental institution, he was not intending or likely to deceive Russ. Instead, Gerlt claims, Russ was aware that Gerlt had been denied the ability to purchase firearms twice before and "already knew all the salient facts about Gerlt's situation." Further, Gerlt testified at trial that during the September 2009 transaction he was not particularly interested in purchasing a firearm, rather he wished to have Russ run Gerlt's application through NICS again to see if it would continue to be denied. Thus, Gerlt argues the government failed to produce evidence sufficient for his conviction on Count 2.

The sufficiency of the evidence is reviewed de novo. United States v. Stenger, 605 F.3d 492, 503 (8th Cir. 2010). All reasonable inferences are accepted that support a jury verdict. Id. The verdict will be upheld if any interpretation of the evidence could lead a jury to find guilt beyond a reasonable doubt. Id.

We reject Gerlt's argument that the government failed to present sufficient evidence that his false statements on the ATF Form 4473 completed on September 2, 2009, were intended or likely to deceive Russ. Russ testified that in December 2008 he had given Gerlt the forms needed to appeal the firearm-purchase denial and that he was unaware of whether Gerlt had appealed. A reasonable jury could find that Russ inferred from Gerlt's September 2009 attempt to purchase firearms that Gerlt had appealed his denial and had his right to purchase firearms restored between December 2008 and September 2009. Furthermore, Russ testified that if a customer indicated on an ATF Form 4473 that the customer was not qualified to purchase a firearm, Russ would not sell a firearm to the customer; however, if the customer indicated he was qualified, Russ would process the paperwork and complete the firearm sale if the background check returned approved. This testimony also supports the jury's finding that Gerlt's false statement was intended or likely to deceive Russ. See United States v. Austin, 915 F.2d 363, 367 (8th Cir. 1990) (rejecting defendant's argument "that his false answer on the ATF form could not have been 'likely to deceive' the sales clerk because he had already told the sales clerk that he was a convicted felon" where the sales clerk testified "that he would not sell a gun to anyone who answered 'yes' in response to any of the questions on the ATF form").

Accordingly, we affirm Gerlt's conviction as to Count 2.

_____